## 16833.  HIGH v. HOLLIS.

Without special authority, attorneys at law can not receive anything in discharge of a client's claim but the full amount in cash (Civil Code of 1910, § 4956); and where the defendant to a suit contends that he settled the claim by paying the plaintiff's attorney less than the full amount thereof, the burden is upon the defendant to show affirmatively that the plaintiff's attorney had special authority from his client to make the settlement. *Kaiser* v. *Hancock*, 106 *Ga.* 217 (32 S. E. 123).

(a) Especially is such a burden upon the defendant when he admits a prima facie case for the plaintiff and assumes the burden of proof.

DECIDED MARCH 3, 1926.

Complaint; from city court of Madison—Judge Lambert. September 1, 1925.

*M. C. Few,* for plaintiff.

*Anderson & Wood,* for defendant.

LUKE, J.  This is a suit upon a promissory note executed by the defendant.  The defendant's sole plea as amended was that he had settled the claim by paying the plaintiff a sum of money less than the full amount of the claim.  Upon the trial the undisputed evidence was that he did pay to the plaintiff's attorney such a sum of money.  The attorney, however, testified that when the payment was made the agreement was that it was to be credited on the defendant's note and not to be accepted as a settlement of the claim.  The only evidence tending to support the defendant's plea was that of the defendant, and his evidence was vague, uncertain and self-contradictory. His evidence, construed most strongly against him, as it must be, showed that the alleged settlement of the claim was made by him and the plaintiff's attorney, and that the plaintiff was not present.  He failed to produce a scintilla of evidence showing or tending to show that the plaintiff's attorney had special authority from the plaintiff to make the settlement, or that the plaintiff had afterwards ratified her attorney's action.  On the other hand the undisputed evidence of the plaintiff and her attorney was that the attorney had no such special authority, and that the alleged settlement of the claim by the attorney had never been ratified by the plaintiff.  It follows that the defendant failed to carry the burden imposed upon him, and

Attorney and Client, 6 C. J. p. 659, n. 40; p. 662, n. 58; p. 663, n. 62; p. 666, n. 97.

that a verdict in favor of the plaintiff for the full amount of her claim was demanded.

The above-stated ruling being controlling in the case, it is unnecessary to pass upon the special grounds of the motion for a new trial.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*